# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

RUBBY JAMES GRAY                                                                                           PLAINTIFF

v.                                       3:15CV00076-DPM-JJV

DALTON SHANNON, Officer,
Jonesboro Police Department; *et al.*                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Rubby James Gray ("Plaintiff") brought this section 1983 action alleging Defendants Arthur Bentley and Chastity Jackson[1,2] were deliberately indifferent to his serious medical needs. Specifically, he alleges: (1) Defendants provided him with Ibuprofen which caused him to suffer an allergic reaction; (2) he did not receive aspirin for nine days in March 2015; and (3) he did not receive a timely cardiology stress test in March 2015. (Doc. No. 1 at 4; Doc. No. 6 at 1-2.) Defendants Bentley and Jackson have motioned for summary judgment on all claims against them. (Doc. No. 22.) Plaintiff has not responded and the deadline for doing so has passed.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317,

---

[1] Five other defendants named to this action were previously dismissed. (Doc. No. 15.)

[2] The docket lists these Defendants as "Chasity Jackson" and "Art Bentley." I will recommend the Clerk alter the docket to reflect their proper names.

321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

Defendants argue the medical evidence offered in support of their Motion establishes they were not deliberately indifferent to Plaintiff's serious medical needs. After reviewing that evidence and Defendants' pleadings, I agree.

#### A.   Ibuprofen

Plaintiff alleges Defendants acted with deliberate indifference when they prescribed him Ibuprofen, a medication to which he is allergic. (Doc. No. 1 at 4.) This claim fails against Defendant Jackson because it is undisputed she is a nurse and, as such, not authorized to prescribe medication. I also recommend this claim be dismissed with respect to Defendant Bentley. The record indicates Ibuprofen was first prescribed on March 13, 2015, and promptly replaced with Tylenol on March 14, 2015, when it was determined Plaintiff was allergic to it. (Doc. No. 22-2 at 15, 17.) Ibuprofen was listed among Plaintiff's allergies on his March 5, 2015, intake sheet (*Id*. at

3) and it may be Defendant Bentley was negligent in failing to account for this. Nevertheless, the error's prompt correction precludes a finding that Bentley knew of but deliberately disregarded Plaintiff's medical needs. *See Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (holding that claimant must establish that defendants knew of but deliberately disregarded his serious medical needs); *see also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (holding that a finding of deliberate indifference demands more than negligence and is more akin to criminal recklessness).

  **B.** **Lack of Aspirin**

Plaintiff alleges he did not receive aspirin for nine days during March 2015. (Doc. No. 1 at 4.) Defendants persuasively argue Plaintiff has not established or even alleged that he has a serious medical need which requires a daily dose of aspirin or that he suffered any detrimental effect when he was without it for nine days. It is settled law that a section 1983 claim requires a claimant to establish he suffered some injury and the defendant's conduct actually caused that injury. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."); *see also Calloway v. Miller*, 147 F.3d 778, 780 (8th Cir. 1998) ("To establish a violation of § 1981 or § 1983, the plaintiff must establish that the defendants' unconstitutional action was the "cause in fact" of the plaintiff's injury."). Additionally, medical records indicate Plaintiff did not request aspirin therapy until March 16, 2015, and his request was approved almost immediately. (Doc. No. 22-2 at 19, 23.)

Based on the foregoing, this claim should be dismissed against both Defendants.

  **C.** **Stress Test**

Plaintiff's last claim is that an outside physician - Dr. Martin Kosciuk - requested Plaintiff

4

receive a cardiology stress test within two days at Arkansas Cardiology, and Defendants failed to comply with Dr. Kosciuk's recommendation. (Doc. No. 6 at 1-2.) Defendants dispute this contention and argue the decision to postpone the stress test until Plaintiff's release from incarceration was made by Arkansas Cardiology staff. Plaintiff's medical records confirm as much. (Doc. No. 22-2 at 9.) Moreover, Plaintiff has failed to identify any specific, detrimental effect on his health caused by postponement of the stress test. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) ("An inmate's failure to place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs."). Accordingly, this claim should also be dismissed.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk alter the docket to reflect that "Chasity Jackson" is "Chastity Jackson" and "Art Bentley" is "Arthur Bentley."

2. Defendants' Motion for Summary Judgment (Doc. No. 22) be GRANTED.

3. Plaintiff's claims against Defendants Chastity Jackson and Arthur Bentley be DISMISSED with prejudice.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 9th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE